*MARTELLE & ASSOCIATES, P.A.*
Martin J. Martelle
ISB No. 3304
380 West State Street
Eagle, ID 83616
Telephone: (208) 938-8500
Facsimile: (208) 938-8503
E-mail: attorney@martellelaw.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN D. SMITH,<br><br>                     Plaintiff,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br>(Internal Revenue Service)<br>                     Defendant. | Case No.<br><br>**FIRST AMENDED COMPLAINT<br>FOR REFUND<br>AND DETERMINATION THAT<br>PLAINTIFF IS NOT A<br>RESPONSIBLE<br>PARTY** |

### CLAIMS ASSERTED

1.     This complaint asserts statutory claims (26 U.S.C. § 7422) for the refund of

money paid to the Internal Revenue Service.

### PARTIES, JURISDICTION AND VENUE

2.     Plaintiff, Brian D. Smith, at all times relevant to this complaint was domiciled

in the State of Idaho.

3.     Defendant is the United States of America.

4.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1346(a)(1), 26

U.S.C. § 7402, § 6532(a), and § 7422

5.     Venue is proper in this Court as a result of Plaintiff residing in Idaho.

## PROCEDURAL ALLEGATIONS

6.     By reference, paragraphs 1–5, above, are fully incorporated and set forth hereunder.

7.     On or around August, 6, 2012, Defendant assessed "trust fund recovery penalties" against Plaintiff for tax periods ending 9/30/2010, 12/31/2010, 03/31/2011, 06/30/2011, and 09/30/2011, respectively, in the total amount of $94,155.15. (See Exhibit 1.)

8.     On or around June 18, 2013, Plaintiff filed an Offer in Compromise with Defendant.

9.     On or around March 10, 2014 the I.R.S. rejected that offer.

10.    On or around July 11, 2017, Plaintiff sent payments totaling $626.36 for the Trust Fund Recovery Penalty for several employees for each of the following quarters as follows: Quarter 3, 2010, $131.78; Quarter 4, 2010, $119.34; Quarter 1, 2011, $217.02; Quarter 2, 2011, $65.84; Quarter 3, 2011, $92.38. (See Exhibit 2.)

11.    On or around August 7, 2017, pursuant to 26 U.S.C. § 7422(a), Plaintiff filed with the Internal Revenue Service (hereinafter I.R.S.) Administrative claims for refund, IRS form 843, requesting a refund of the funds referenced in paragraph 10. (See Exhibit 3.)

12.    On or around October 30, 2017, Defendant sent a letter in response to the claims for refund stating "A payment is required for each Form 843 before we can process the form."

13.    Attached to the letter Plaintiff sent on or around October 30, 2017 were the five Form 843 requests for refund along with copies of the respective checks.

14.     On or around November 2, 2017 Plaintiff forwarded a copy of proof that the October 30, 2017 IRS letter was incorrect in alleging that payment had not been made for all five contested quarters.

15.     Defendant sent notice in a letter dated January 18, 2018 that the Form 843s had been forwarded to "the Special Procedures function at the Denver Area Office." (See Exhibit 4.)

16.     The Form 843s were not denied within 180 days from service, which is required as a prerequisite for filing this suit.

17.     Plaintiff has exhausted his administrative remedies as required by 26 U.S.C. § 7422(a).

## FACTUAL ALLEGATIONS

18.     By reference paragraphs 1 – 17 above are fully incorporated and set forth hereunder.

19.     Plaintiff is the founder, owner, and president of several companies since 1992, including Primary Colors Learning Center, Inc.

20.     Primary Colors Learning Center, Inc. was originally incorporated as Little Rascals Daycare on September 12, 1997. Primary Colors Learning Center, Inc. was dissolved on April 16, 2012.

21.     In or around the Spring of 2010, Plaintiff hired Wayne Whitt to serve as the bookkeeper for his companies, including Primary Colors Learning Center, Inc.

22.     Mr. Whitt initially began working for Plaintiff's companies as an Informational Technology (IT) consultant around 2000.

23.      Mr. Whitt served as the internal bookkeeper for Primary Colors Learning Center, Inc. from about the spring of 2010 to August of 2011.

24.    In or around August 2011, Brian Dexter, an employee of the Internal Revenue Service, visited the offices of Primary Colors Learning Center, Inc.

25.    Mr. Dexter met with both Plaintiff and Mr. Whitt and informed them that Primary Colors Learning Center, Inc.'s withholding taxes had not been paid since the quarter ending September 30, 2010.

26.    This meeting was the first time that Plaintiff had heard that withholding taxes had not been paid.  Mr. Whitt assured both Plaintiff and Mr. Dexter that the quarterly payments would be made.

27.    In August 2011, Mr. Whitt claimed he was moving to Texas to work for the Federal Government in Military Intelligence.

28.    After Mr. Whitt moved, Plaintiff hired Mitch Babb as Mr. Whitt's replacement, at which point Mr. Babb took over all payroll and accounts payable duties.

29.    Mr. Babb soon after discovered that payroll taxes had not been paid.

30.    During the five contested quarters, Plaintiff was not directly responsible for Primary Learning Center, Inc.'s accounting, including estimated tax payments due each quarter.

31.    During the five contested quarters, Plaintiff did not prepare payroll and was not responsible for withholding deposits.

31.    In the Spring of 2012, ownership of Primary Colors Learning Centers, Inc. was transferred to a new owner.

32.    In 2012, Plaintiff filed a chapter 7 bankruptcy in the District of Idaho and received a discharge on September 14, 2012.

33.     On April 2, a Claim for Refund was filed. On that same day, this First Amended Claim for Refund was filed to included 4 exhibits that were unintentionally omitted in the previous filing.

## CLAIM FOR REFUND

33.     By reference paragraphs 1 – 32 above are fully incorporated and set for hereunder.

34.     Pursuant or 26 U.S.C. § 6672, Congress has only authorized the Internal Revenue Service to assess and collect the unpaid "Trust Fund" portion of liability from "Responsible Persons" who "Willfully" fail to collect, account for, and pay over the "Trust Fund" taxes of a corporate employer.

35.     During all times pertinent hereto, Plaintiff, was not a "Responsible Person" pursuant to 26 U.S.C. § 6672.

36.     During all times pertinent hereto, Plaintiff did not act "Willfully" pursuant to 26 U.S.C. § 6672.

37.     Defendant's assessments of the "Trust Fund Recovery Penalties" of 26 U.S.C. § 6672, against Plaintiff are excessive and erroneous.

38.     Plaintiff is entitled to a refund from the Defendant for all monies paid to the I.R.S., based on the 26 U.S.C. § 6672 assessments, together with statutory interest thereon.

## CLAIM FOR ATTORNEYS FEES AND ADMINISTRATIVE COSTS

39.     By reference paragraphs 1 – 38 above are fully incorporated and set for hereunder.

40.     Defendant's refusal to refund Plaintiff's money lacks substantial justification, entitling Plaintiff to recover all reasonable costs and attorneys' fees as may be provided under law (26 U.S.C. § 7430).

41.     Plaintiff is entitled to a finding that he is not a responsible party, as described in 26 U.S.C. § 6672.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendant, ordering:

42.     Defendant to refund all monies Plaintiff has paid Defendant for the 26 U.S.C. § 6672 assessments;

43.     a finding that Plaintiff is not the responsible party as to the Trust Fund Recovery assessments for the dates relevant to this complaint;

44.     to pay all legally cognizable pre and post-judgment interest thereon, to pay reasonable costs of this litigation, to pay all legally recoverable attorneys' fees;

45.     and, to effect such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Federal Rules of Civil Procedure 38, hereby demands a jury on all issues triable by a jury.


DATED: April 2, 2018



**Martelle Law Offices, P.A.**

/S/ Martin Martelle
Martin J. Martelle
Attorney for Plaintiff